UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIE E. CESAR,

                Plaintiff,                          14-cv-1213 (LDW) (AKT)

   -against-

                                                   **CONFIDENTIALITY
                                                   STIPULATION AND ORDER**

MEADOWBROOK CARE CENTER, INC.
and ANN DONOVAN,

                Defendants.
-----------------------------------------------------------X

      **WHEREAS**, the parties have recognized and agreed that this lawsuit will or may require the disclosure to opposing parties of information considered by the disclosing party and/or certain healthcare laws and regulations to be confidential, and

      **WHEREAS**, the parties hereby stipulate and request entry of this Stipulation and Order ("Stipulation and Order") governing the confidentiality of documents to be produced in this litigation and all deposition testimony taken in this litigation ("Discovery Materials"), and

      **WHEREAS**, the parties consented to the form and entry of this Stipulation and Order, for other good and sufficient cause appearing, and

      **WHEREAS**, this Stipulation and Order is intended to comply with HIPPA Regulation 45 CFR 164.512(e), allowing Defendants to disclose protected health information in the course of any judicial or administrative proceeding in response to an order of a court, and

      **WHEREAS**, this Stipulation and Order is also intended to comply with 10 NYCRR 415.3(d)(1), allowing Defendants to release personal and clinical records without a resident's approval in the course of this litigation as a matter of law.

**WHEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned counsel for the above-captioned parties as follows

1. Except as otherwise ordered by this Court, this Confidentiality Stipulation and Order ("Order") governs the handling of confidential information contained in documents, deposition testimony and deposition exhibits, trial testimony, interrogatory responses, answers to requests for admissions and other discovery devices and materials ("Discovery Material") produced by or obtained from or relating to any of the parties to this action.

2. The word "document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies, duplicates, or abstracts thereof, including, but not limited to, notes on documents.

3. The terms "Party" or "Parties" include Plaintiff and Defendants, and their respective attorneys, directors, officers, employees, former employees, other agents or representatives, or anyone else acting on their behalf.

4. The term "Producing Party" shall refer to the Party producing documents.

5. The term "Receiving Party" shall refer to the Party receiving documents.

6. Any Discovery Materials Producing Party believes in good faith to constitute, include, contain, refer, or relate to confidential, non-public information concerning, without limitation, patient medical and treatment records and reports, medical tests, employee personnel records, financial information, written and telephone communications regarding patients and staff, and other proprietary information, may be designated by Producing Party as "Confidential." Producing Party's designation of Discovery Materials as "Confidential" shall constitute a representation that such Discovery Materials have actually been reviewed by an

2

attorney for Producing Party and that there is a good-faith basis for such designation. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Information."

7. The Parties will not directly or indirectly disclose the Confidential Information to any person or entity whatsoever, except as permitted by this Confidentiality Stipulation and Order.

8. A non-party witness required to produce documents and information in this action will have the right to become a signatory to this Confidentiality Stipulation and Order and receive the protections provided herein. In addition to designating documents as "Confidential", a non-party witness will also have the right to designate his or her own deposition testimony as "Confidential."

9. A Receiving Party that wishes to share Confidential Information with a non-party will provide the Producing Party with written notice prior to such disclosure. The Producing Party will have seven (7) business days from receiving written notice to object to the intended disclosure. The parties shall confer in good faith to resolve the objection. If, however, the parties are unable to resolve the objection, the Producing Party shall have 14 business days to file a motion with the Court for an order seeking to prevent the disclosure. No Confidential Information will be disclosed while the objecting party's motion is pending.

10. Before Confidential Information is disclosed to any non-party, the non-party must be advised that the information is confidential and may not be disclosed to any person or entity outside of this litigation. The non-party shall be required to execute a certification evidencing agreement with the terms of this Stipulation and Order in the form attached hereto as Exhibit A.

3

If the Confidential Information is being disclosed at a deposition, the non-party may evidence agreement with the terms of this Stipulation and Order "on the record" at the deposition.

11. Confidential Information shall be utilized by the Parties only with respect to this litigation and for no other purposes or any other litigation in any jurisdiction whatsoever.

12. Any Receiving Party objecting to the designation of any document designated Confidential must deliver a written statement to the Producing Party identifying the reason or reasons for the objection. The parties shall confer in good faith to resolve the objection. If, however, the parties are unable to resolve the objection after seven (7) business days, the objecting party may file a motion with the Court for an order vacating the designation. While such an application is pending, the document in question shall be treated as Confidential pursuant to this Stipulation and Order.

13. Confidential Information shall not be duplicated or copied by anyone receiving such Confidential Information hereunder except as explicitly provided for in this paragraph. Counsel for the Receiving Party may duplicate or copy Confidential Information for the sole purpose of providing such Confidential Information to their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein and who are under the supervision or control of such counsel.

14. Within sixty (60) days after the first occurring of either (i) a final termination of the above-captioned litigation and exhaustion of all appeals, or (ii) any final settlement of the above captioned action, the Receiving Parties and counsel for the Receiving Parties to the above-captioned action shall destroy all Confidential Information and documents, and all copies or

4

excerpts thereof, and will represent in writing that the Confidential information has been returned or destroyed and that counsel knows of no other copies of such Confidential Information held by them. Notwithstanding anything to the contrary, counsel of record for the Receiving Party may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits, but such documents shall remain Confidential Information, for attorneys' eyes only, and such Confidential Information shall otherwise be subject to this Stipulation and Order. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

15. Receiving Party shall have the responsibility, through their counsel, to promptly advise Producing Party of any losses or compromises of the confidentiality of information or documents governed by this Stipulation and Order. If Confidential Information is lost or compromised, it shall be the responsibility of Receiving Party to take reasonable measures to limit the loss or unauthorized disclosure.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

17. The taking of or the failure to take any action to enforce the provisions of this Stipulation and Order shall not constitute a waiver or any right to seek and obtain protection or relief in this or any other action.

5

18.     In the event that any person bound by the terms of this stipulation shall violate any of its terms then any party hereto shall be entitled to pursue any and all legal and equitable remedies to which each may be entitled under the law.

19.     This Stipulation and Order shall not prevent or prejudice any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from applying for or agreeing with the opposing party to modify this Stipulation and Order, subject to the approval of the Court.

20.     This Stipulation and Order shall continue to be binding after the conclusion of this litigation.

Dated: April 28, 2014

Phillips & Associates, PLLC
Attorneys At Law
45 Broadway, Suite 620
New York, New York 10006
Tel (212) 248-7431/Ext. 210
Email: aumansky@tpglaws.com
Attorneys for Plaintiff

By: _____
    Alex Umansky

Duane Morris, LLP
1540 Broadway
New York, New York 10036
Tel: (212) 692-1065
Email: EIKlein@duanemorris.com
Attorneys for Defendants

By: _____
    Eve I. Klein

So Ordered: _____

**SO ORDERED**

_____
A. Kathleen Tomlinson
United States Magistrate Judge
Date: April 30, 2014
Central Islip, N.Y.

6

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIE E. CESAR,

                Plaintiff,                      14-cv-1213 (LDW) (AKT)

   - against-

MEADOWBROOK CARE CENTER, INC.
and ANN DONOVAN,

                Defendants.
----------------------------------------------------------X

### AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND ORDER

        I, _____, declare:

        1.     I am over the age of 18 years and have personal knowledge of the hereinafter stated facts.

        2.     My address is _____.

        3.     My present employer is _____, and the address of my present employer is

        4.     My present occupation or job description is _____.

        5.     I have received a copy of the Confidentiality Stipulation and Order ("Order") in this action signed by the Court on _____, 2014.

        6.     I have carefully read and understand the provisions of the Order.

        7.     I hereby agree to be bound by the terms and conditions of the Order.

        8.     During the pendency and after final termination of this action and any related proceedings, I will hold in confidence and not disclose to anyone not qualified under the

Order any documents and information designated "Confidential Information" disclosed to me. I also agree to be subject to the personal jurisdiction of the United States District Court for the Eastern District of New York with regard to any proceedings relating to the enforcement of the Order.

9. I understand that any failure to comply with the terms of this agreement may subject me to an action for civil damages and other relief arising therefrom.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on _____, 20__.

_____
[Print Name]

_____
[Signature]

8